UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN MARICULTURE, INC, | Case No. 2:25-bk-00022-FMD |
| AMERICAN PENAEID, INC, | Case No. 2:25-bk-00023-FMD |
| SUN SHRIMP GOURMET, INC, | Case No. 2:25-bk-00024-FMD |
| Debtors._____/ | *Jointly Administered under* <br> *Case No. 2:25-bk-00022-FMD* |

**Emergency Hearing Requested**

## DEBTORS' EMERGENCY MOTION FOR AUTHORIZATION TO PAY PREPETITION WAGES, SALARIES, AND OTHER EMPLOYEE BENEFITS

AMERICAN MARICULTURE, INC. ("**AMI**"), AMERICAN PENAEID, INC. ("**API**") and SUN SHRIMP GOURMET, INC. ("**SSG**") (collectively, the "**Debtors** (collectively, the "**Debtors**"), respectfully request the entry of an order authorizing the payment of prepetition wages, salaries, and other employee benefits to employees and, in support thereof, the Debtors respectfully represent as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for the relief requested herein are Sections 105 and 363 of the Bankruptcy Code.

### Background

2. On January 8, 2025 (the "**Petition Date**"), the Debtors filed their Voluntary Petitions for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

3. The Debtors continue to operate as debtors-in-possessions.

4. On January 9, 2025, the Court entered its *Order Granting Expedited Motion for Order Directing Joint Administration of Chapter 11 Cases Pursuant to Bankruptcy Rule 1015(b)* (Doc. No. 11) (the "**Joint Administration Order**"). Pursuant to the Joint Administration Order, the Debtors' Chapter 11 cases are jointly administered for procedural purposes only under *In re: American Mariculture, Inc.,* Case No. 2:25-bk-00022-FMD.

5. For more information on the Debtors' businesses and reasons for filing, see the Debtors' Joint Chapter 11 Case Management Summary (Doc. No. 15) (the "**Case Management Summary**").

## Relief Requested

6. On the Petition Date, the Debtors had fourteen employees (the "**Employees**"), twelve of which are paid weekly and two of which are paid monthly. The Employees are paid weekly on Friday for services for Saturday of the previous week through Friday of that week. The Debtors pay the Employees through a payroll processing company. The Debtors are not seeking relief as to the monthly employees at this time.

7. The Debtors are not seeking authorization to pay affiliate officers in this Motion. To the extent the Debtors seek to pay the affiliate officers, the Debtors will file a separate motion seeking such relief.

8. The Debtors seek authorization to pay all prepetition Employee related obligations including, but not limited to, wages, salaries, compensation, employee benefits, 401(k) contributions, and reimbursable business expenses.

9. As of the Petition Date, the Employees were owed, or had accrued in their favor, various sums for wages, salaries, compensation, employee benefits, 401(k) contributions, and

reimbursable business expenses (the "**Prepetition Obligations**") for certain prepetition time periods.

10. The Debtors owed the Employees for the payroll period of December 29, 2024, through January 3, 2025. The Debtors seek authority to pay the payroll for (i) the period from December 29, 2024 through January 3, 2025, payment of which will be made upon the entry of a court order, and (ii) January 4, 2025, through January 7, 2025, payment of which is due to be paid on January 17, 2025. The payroll for the week ended January 3 is $16,500. The Debtors estimate that the portion of the January 17 payroll attributable to pre-petition wages will be $9,000.00 for the weekly employees. The Debtors also seek authority to pay all related payroll taxes for the above-described pre-petition periods (the "**Prepetition Period**").

11. As discussed in the Case Management Summary, the Debtors owe amounts for reimbursement of health care costs and accrued payroll. The Debtors are not seeking to pay amounts that may be owed in this Motion and any relief with respect to such obligations would be the subject of a separate motion.

## Grounds for Relief

12. It is well-settled that a bankruptcy court may authorize the payment of prepetition obligations where necessary to facilitate a reorganization. Payment of prepetition obligations is rooted in the common-law "necessity of payment" doctrine, which courts have consistently applied where failure to pay prepetition obligations posed a real and significant threat to a debtor's reorganization. *See Miltenberger v. Logansport Ry. Co.*, 106 U.S. 286 (1882) (payment of pre-receivership claim prior to reorganization permitted to prevent "stoppage of . . .[crucial] business relations"); *In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (payment of claims of creditors authorized under the "necessity of payment" doctrine); *In the*

3

*Matter of Penn Central Transport*, 467 F.2d 100, 102, n. 1 (3d Cir. 1972) (bankruptcy court has authority to sanction payment of claims under the "necessity of payment" doctrine for service essential to the debtor's business); and *In re Ionosphere Clubs, Inc.,* 98 B.R. 174 (Bankr. S.D.N.Y. 1989) (approving payment of certain prepetition wage, salary, medical benefit and business expense claims justified under the necessity of payment of doctrine).

13. The statutory basis for the "necessity of payment" doctrine appears in §105(a) of the Bankruptcy Code, which provides, in pertinent part:

> [t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

11 U.S.C. §105(a).

14. The Bankruptcy Code prohibits paying prepetition claims without specific court authorization. However, every employee is entitled to a priority claim of up to $15,150.00 for compensation earned in the one hundred eighty (180) day period preceding the Petition Date. The Prepetition Obligations are well under the priority cap set forth above as to each of the employees.

15. Retaining the Employees is critical to the successful operation and reorganization of the Debtors' businesses as the Debtors would not be able to replace these Employees without a significant disruption in their businesses. In short, these Employees are vital to the Debtors' continued success.

16. Each of the Employees performed necessary and valuable services for the Debtors prior to the Petition Date and performed those services with the expectation that wage, and wage-related commitments would be honored. The failure to honor the obligations to Employees is likely to lower morale and cause concern among the Employees regarding the Debtors'

intentions to honor its ongoing obligations. The Debtors cannot afford to lose the support of their Employees at a time when the Debtors must operate more efficiently and meet more administrative burdens than before.

17. In addition, the Employees depend upon their salaries to meet their basic living expenses, particularly given the current economic climate. Their families will suffer serious financial difficulties if the relief requested is not granted.

18. Because payment of the Prepetition Obligations is absolutely crucial to the preservation and protection of the Debtors' businesses and, ultimately, to its successful reorganization under Chapter 11, this Court may order such payment under the "necessity of payment" doctrine and Section 105(a) of the Bankruptcy Code. Indeed, there is ample precedent for authorizing such payments. *See, e.g.*, *Ionosphere Clubs, Inc.,* 98 B.R. at 174.

19. Pursuant to § 346(f) of the Bankruptcy Code, the Debtors propose to withhold or cause to be withheld from any payment to Employees those amounts required to be withheld under applicable federal, state or local tax law, and will pay such withheld amount to the appropriate governmental unit at the time and in the manner required by such tax law. Further, the Debtors request that they be permitted to pay all costs and make all deductions incident to the Prepetition Obligations.

20. Pursuant to Bankruptcy Rule 6003, the Court may grant relief regarding a motion to pay all or part of a prepetition claim that arose before the Petition Date within twenty-one (21) days after the filing of the petition if the relief is necessary to avoid immediate and irreparable harm.

21. The Employees are integral to the Debtors' business operations. Failure to satisfy obligations with respect to the Employees in the ordinary course of business during the first

twenty-one (21) days of this case will jeopardize loyalty and trust. The Employees will leave, thereby causing serious disruption to the Debtors' business operations during this critical period when the Debtors need the continued support of the Employees to allow for a successful reorganization.

22. Moreover, the vast majority of the Employees rely exclusively on their compensation, benefits and reimbursement of their expenses to continue to pay their daily living expenses. These Employees will be exposed to significant financial difficulties if the Debtors are not permitted to pay the Employees in the ordinary course of business. Accordingly, the Debtors submit that they have satisfied the requirements of Bankruptcy Rule 6003 to support immediate payment of the Prepetition Obligations.

23. The Debtors further seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

WHEREFORE, the Debtors respectfully request that this Court enter an order granting this motion; authorizing the Debtors to pay the Prepetition Obligations set forth above; authorizing the Debtors to withhold from the Prepetition Obligations those amounts required to be withheld under applicable federal, state or local tax law, and pay such withheld amount to the appropriate governmental unit at the time and in the manner required by such tax law; authorizing the Debtors to pay all costs and make all deductions incident to the Prepetition

Obligations, including but not limited to payroll processing costs; and providing such other and further relief as is just and proper.

/s/ Scott A. Stichter
Scott A. Stichter (FBN 0710679)
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602
Telephone: (813) 229-0144
Email: sstichter@srbp.com
Attorneys for Debtors

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Debtors' Emergency Motion for Authorization to Pay Prepetition Wages, Salaries, and Other Employee Benefits* has been furnished on this 13th day of January, 2025, by the Court's CM/ECF System to all parties receiving CM/ECF noticing and by either U.S. Mail, email or facsimile to the LBR 1007-2 matrix in each case and:

U.S. Small Business Administration
Attn: Thomas A. Todt, District Director
Email: bankruptcynotices@sba.gov

Attorney General of the United States
950 Pennsylvania Ave., N.W.
Washington, DC 20530-0001

U.S. Attorney's Office
Attn: Civil Process Clerk
2110 First St., Suite 3-137
Ft. Myers, FL 33901

National Oceanic and Atmospheric Administration
Attn: Rick Spinrad, NOAA Administrator
Fax No. (301) 713-4307

4930-1964-4683, v. 5

Cargill Financial Services International, Inc.
Attn: Mark L. Conlon
Fax No. (952) 984-3905

                                                  */s/ Scott A. Stichter*
                                                  Scott A. Stichter

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-2<br>Case 2:25-bk-00022-FMD<br>Middle District of Florida<br>Ft. Myers<br>Mon Jan 13 12:37:06 EST 2025 | Blue Street Capital, LLC<br>17011 Beach Blvd., #710<br>Huntington Beach, CA 92647-5938 | (p)JPMORGAN CHASE BANK N A<br>BANKRUPTCY MAIL INTAKE TEAM<br>700 KANSAS LANE FLOOR 01<br>MONROE LA 71203-4774 |
| Comcast<br>PO Box 8587<br>Philadelphia, PA 19101-8587 | Continental Carbonic Products, Inc.<br>Dept 3833<br>PO Box 123833<br>Dallas, TX 75312-3833 | Florida First Capital Finance Corp.<br>1351 N. Gadsden St.<br>Tallahassee, FL 32303-5668 |
| Holland & Knight<br>1120 S. Tryon Street<br>Charlotte, NC 28203-6820 | Internal Revenue Service<br>Centralized Insolvency Operations<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | LCEC<br>4980 Bayline Drive North<br>Fort Myers, FL 33917-3910 |
| LGC Genomics, LLC<br>P.O.Box 392301<br>Pittsburgh, PA 15251-9301 | Melville G. Brinson, III P.A.<br>8359 Stringfellow Rd.<br>Unit A. Suite 102<br>St. James City, FL 33956-2910 | O'Connor Hernandez & Associates, P.A.<br>999 Brickell Ave, Suite 740<br>Miami, FL 33131-3065 |
| P1 Finance<br>13601 McGregor Blvd., #15<br>Fort Myers, FL 33919-6043 | Rangen, Inc.<br>1500 E. Cedar St.<br>Angleton, TX 77515-4141 | Robin Pearl<br>14511 Dory Lane<br>Fort Myers, FL 33908-4941 |
| Tax Projects Group, LLC<br>581 Knotty Pine Dr.<br>Incline Village, NV 89451-8415 | Tim Morris<br>4937 Sandpiper Drive<br>Saint James City, FL 33956-2835 | WEG Electric Group<br>6655 Sugarloaf Parkway<br>Duluth, GA 30097-4907 |
| Waste Pro USA, Inc.<br>13110 Rickenbacker Pkwy.<br>Fort Myers, FL 33913-8847 | Willscot Mobile Mini<br>4646 East Van Buren St., #400<br>Phoenix, AZ 85008-6927 | Zeigler Bros Inc<br>400 Gardners Station Rd.<br>Gardners, PA 17324-9686 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Chase Bank
P.O. Box 15299
Wilmington, DE 19850-5299

End of Label Matrix
Mailable recipients    20
Bypassed recipients     0
Total                  20

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-2<br>Case 2:25-bk-00023-FMD<br>Middle District of Florida<br>Ft. Myers<br>Mon Jan 13 12:39:47 EST 2025 | Arnett's Aquatic Veterinary Services<br>5538 Cross Creek Dr<br>Colorado Springs, CO 80924-8100 | Boost Creative<br>1969 S Alafaya Trail<br>Orlando, FL 32828-8732 |
| Center for Responsible Seafood, The<br>1000 Market Street<br>Portsmouth, NH 03801-3358 | Homegrown Shrimp USA<br>Charoen Pokphand Foods Public Co. C.P.<br>Tower 27 Floor 313 Silom Road<br>Bangrak Bangkok, 10500<br>THAILAND, | Magna Manufacturing/LoBoy<br>P.O. Box  279<br>Fort Walton Beach, FL 32549-0279 |
| North Group<br>Xiamen Green Field Food Ind. Co., Ltd<br>No.868-1 MeiHe Eight Road<br>Tongan District 361100 Xiamen<br>CHINA | Omni Export Services, Inc.<br>11350 NW 36th Terrace<br>Doral, FL 33178-1887 | P1 Finance<br>13601 McGregor Blvd., #15<br>Fort Myers, FL 33919-6043 |
| PB Legacy, Inc.<br>c/o Brian M. Gargano, Esq.<br>3040 Post Oak Blvd., #1800-150<br>Houston, TX 77056-6500 | TB Foods USA, LLC<br>c/o Brian M. Gargano, Esq.<br>3040 Post Oak Blvd., #1800-150<br>Houston, TX 77056-6500 | Tim Morris<br>4937 Sandpiper Drive<br>Saint James City, FL 33956-2835 |
| University of Arizona<br>Aquaculture Pathology Lab<br>1117 E. Lowell Street Bldg 90, Rm 102<br>Tucson, AZ 85721-0001 | Water Science Associates<br>13620 Metropolis Ave, Ste 110<br>Fort Myers, FL 33912-3406 | End of Label Matrix<br>Mailable recipients    13<br>Bypassed recipients     0<br>Total                  13 |

```
Label Matrix for local noticing          Notability Partners LLC              Scientific Hatcheries
113A-2                                   429 Manns Harbor Dr.                 8152 Evelyn Cr.
Case 2:25-bk-00024-FMD                   Apollo Beach, FL 33572-3314          Huntington Beach, CA 92646-5520
Middle District of Florida
Ft. Myers
Mon Jan 13 12:40:54 EST 2025

End of Label Matrix
Mailable recipients     2
Bypassed recipients     0
Total                   2
```