UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:                                                    Chapter 11, Subchapter V

AMERICAN MARICULTURE, INC,                Case No. 2:25-bk-00022-FMD
AMERICAN PENAEID, INC,                        Case No. 2:25-bk-00023-FMD
SUN SHRIMP GOURMET, INC,                      Case No. 2:25-bk-00024-FMD

                                                         *Jointly Administered under*
                                                         *Case No. 2:25-bk-00022-FMD*

            Debtors.
_____/

**UNITED STATES TRUSTEE'S SECOND MOTION TO DISMISS**
**OR CONVERT CHAPTER 11 CASE**

        Mary Ida Townson, the United States Trustee for Region 21, by and through her

undersigned counsel, hereby requests that the Court dismiss or convert the above-styled

chapter 11 cases pursuant to 11 U.S.C. § 1112(b) for the following reasons:

        1.        The Debtors filed voluntary petitions under chapter 11 of the U.S.

Bankruptcy Code on January 8, 2025.

        2.        Pursuant to her authority under 28 U.S.C. § 586(a), the United States

Trustee provided the Debtors by electronic mail information concerning the United

States Trustee's Operating Guidelines and Reporting Requirements for Debtors in

Possession and Trustees ("Guidelines"), which, in part, requires the Debtors to furnish

the United States Trustee with monthly operating reports and proof of insurance.

3.      The United States Trustee filed an initial motion to dismiss or convert on March 6, 2025 (Doc. 68), largely premised on the Debtors' failure to obtain insurance. The Debtors thereafter obtained insurance, and the Court denied the motion on March 28, 2025. More recently, the Debtors have failed to provide evidence to the United States Trustee of the renewal of their insurance policies for two International trucks, five trailers, and leased trucks, and flood insurance. Failure to maintain appropriate insurance that poses a risk to the estate or to the public is a basis for dismissal or conversion under 11 U.S.C. § 1112(b)(4)(C).

4.      To date, the Debtors have not filed monthly operating reports for May 2025 and are now overdue.  The reports for April 2025 meanwhile collectively demonstrate that the Debtors suffered losses and are accumulating debt.  On a consolidated basis, the Debtors lost $79,998 (part 4, line k) in April 2025.  This evidences a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation" and is a further basis for dismissing or converting the case under 11 U.S.C. § 1112(b)(4)(A). The failure to provide this information is a further basis for dismissal or conversion under 11 U.S.C. § 1112(b)(4)(H).

5.      The Debtors have also failed to pay the quarterly fees for the first quarter of 2025. Nonpayment of fees is grounds for dismissal or conversion pursuant to 11 U.S.C. § 1112(b)(4)(K) and evidences a continuing loss and diminution to the estate under 11 U.S.C. §  1112(b)(4)(A).

6.     Dismissal or conversion of chapter 11 cases is governed by 11 U.S.C. §

1112(b), which states in relevant part:

 (1) Except as provided in paragraph (2) and subsection (c), on request of
a party in interest, and after notice and a hearing, the court shall convert
a case under this chapter to a case under chapter 7 or dismiss a case
under this chapter, whichever is in the best interests of creditors and the
estate, for cause unless the court determines that the appointment under
section 1104(a) of a trustee or an examiner is in the best interests of
creditors and the estate.
(2) The court may not convert a case under this chapter to a case under
chapter 7 or dismiss a case under this chapter if the court finds and
specifically identifies unusual circumstances establishing that converting
or dismissing the case is not in the best interests of creditors and the
estate, and the debtor or any other party in interest establishes that--
        (A) there is a reasonable likelihood that a plan will be confirmed
within the timeframes established in sections 1121(e) and 1129(e) of this
title, or if such sections do not apply, within a reasonable period of time;
and
        (B) the grounds for converting or dismissing the case include an
act or omission of the debtor other than under paragraph (4)(A)--
                (i) for which there exists a reasonable justification for the
        act or omission; and
                (ii) that will be cured within a reasonable period of time
        fixed by the court. . . .

(4) For purposes of this subsection, the term 'cause' includes--

        (A) substantial or continuing loss to or diminution of the estate
and the absence of a reasonable likelihood of rehabilitation; …


        (C) failure to maintain appropriate insurance that poses a risk to
the estate or to the public; …


        (H) failure timely to provide information or attend meetings
reasonably requested by the United States trustee (or the bankruptcy
administrator, if any); ….

        (K) failure to pay any fees or charges required under chapter 123
of title 28;….

7.      Stated more clearly: new section 1112(b) mandates, with limited exceptions, that the court dismiss or convert a chapter 11 case where any of the acts or omissions listed in section 1112(b)(4), or other cause, exists.

8.      Conversion or dismissal pursuant to 11 U.S.C. § 1112(b) is appropriate under three of the specific grounds given as examples in that section.

WHEREFORE, the United States Trustee moves this Court pursuant to 11 U.S.C. § 1112(b) to either dismiss the chapter 11 cases, convert the chapter 11 cases to one under chapter 7 of Title 11 or grant such other and further relief that the Court may deem appropriate.

Respectfully submitted,
Mary Ida Townson
United States Trustee--Region 21

By: /s/BENJAMIN E. LAMBERS
    Benjamin E. Lambers
    Trial Attorney
    Fla. Bar No. 774197
    501 E. Polk Street, Suite 1200
    Tampa, FL  33602
    (813)228-2000
    (813)228-2303--facsimile
    Ben.E.Lambers@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the United States Trustee's Motion to Dismiss or Convert has been served by electronic or United States Mail on or before March 7, 2025, on the following:

American Mariculture, Inc.
American Penaeid, Inc.,
Sun Shrimp Gourmet, Inc.
9703 Stringfellow Rd.
Saint James City, FL 33956

Scott A. Stichter
Stichter, Riedel, Blain & Postler, P.A.
110 E. Madison Street, Suite 200
Tampa, FL 33602-4700

<u>/s/BENJAMIN E. LAMBERS</u>
Attorney